## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADRIENNE SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 14-cv-00728-EGS |
| INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

### MOTION TO VOID ENTRY OF DEFAULT, OR, IN THE ALTERNATIVE, TO VACATE ENTRY OF DEFAULT

COMES NOW the International Bank for Reconstruction and Development, ("World Bank" or "Bank"), and Jim Yong Kim, President of the World Bank, through undersigned counsel, to appear specially and to request respectfully that the Court void the entry of default for lack of jurisdiction, or, in the alternative, vacate the entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, for good cause.

As explained in the attached Verified Response, entry of default against the Bank is void for lack of jurisdiction, or, in the alternative, Defendants demonstrate good cause for the Court to vacate entry of default.

WHEREFORE Defendants respectfully request that the Court void the entry of default forthwith. A proposed order is attached for the Court's convenience.

Dated: October 28, 2014

                **SIDLEY AUSTIN LLP**

By: /s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
S<small>IDLEY</small> A<small>USTIN</small> <small>LLP</small>
1501 K Street, N.W.
Washington, D.C. 20005
(202)736-8000

*Counsel for Defendants*

Dated: October 28, 2014

**SIDLEY AUSTIN LLP**

By: /s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202)736-8000

*Counsel for Defendants*

Dated: October 28, 2014

        **SIDLEY AUSTIN LLP**

By: /s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202)736-8000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADRIENNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00728-EGS |
| | ) |
| INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**VERIFIED RESPONSE IN SUPPORT OF
MOTION TO VOID, OR, IN THE ALTERNATIVE, VACATE ENTRY OF DEFAULT**

As a recognized public international organization, the World Bank and its President are immune from the Clerk of Court's entry of default under the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a(b), the Bank's Articles of Agreement and governing precedent. Accordingly, the Clerk of Court's entry of default against the World Bank and its President is void. In the alternative, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the World Bank and its President demonstrate good cause to vacate the entry of default. In support of their Response, Defendants state as follows:

**The World Bank's Status**

1.      The World Bank is an "international financial institution whose purposes include assisting the development of its member nations' territories, promoting and supplementing private foreign investment, and promoting long range balanced growth in international trade."[1]

---

[1] The World Bank Group is a blanket term for five closely associated but distinct international organizations: (i) the International Bank for Reconstruction and Development ("IBRD"), (ii) the International Development Association, (iii) the International Finance Corporation, (iv) the Multilateral Investment Guarantee Agency, and (v) the International Centre for Settlement of Investment Disputes. The Plaintiff worked for the IBRD; thus, the IBRD is responding to the Court's entry.

*Mendaro v. World Bank*, 717 F.2d 610, 611 (D.C. Cir. 1983). To carry out its objectives, the Bank has more than 100 offices around the world and thousands of employees who are citizens of over 168 countries.[2]

2.  The World Bank is governed by its Articles of Agreement, *see* Articles of Agreement of the International Bank for Reconstruction and Development, Dec. 27, 1945, 60 Stat. 1440, *as amended* Dec. 17, 1965, 16 U.S.T. 1942, *available at* http://go.worldbank.org/0FICOZQLQ0 ("Articles"), which confer on the Bank an international and intergovernmental status independent of individual member countries.

3.  The Bank has been designated a public international organization by Executive Order. *See* Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946). Accordingly, the World Bank is entitled to the privileges, immunities and exemptions of the IOIA, 22 U.S.C. § 288a(b).[3]

**Procedural History**

4.  On April 25, 2014, Adrienne Smith, a former employee of the Bank, filed a Complaint against the World Bank Group in the U.S. District Court for the District of Columbia. On August 4, 2014, this Court issued an order directing Ms. Smith to complete service of process. Order Directing Pl. to Complete Service (Aug. 4, 2014). As the Court noted, it had no record that either the World Bank or the Bank's President had been served with a summons and complaint, and ordered Ms. Smith to either 1) file with the Court proof that the Defendants had been served with a summons and complaint or 2) provide the Court with a written explanation for why service of process had not been completed. On September 29, 2014, the Bank received only a summons sent by private carrier (United Parcel Service). That summons did not include the Complaint.[4]

---

[2] *About the World Bank*, The World Bank, http://go.worldbank.org/1M3PFQQMD0 (last updated June 2012).
[3] For a full discussion of the Bank's status as an international organization and its Articles, please refer to Defs.' P. & A. in Supp. of Notice and Req. to Dismiss ¶¶ 1-3, filed concurrently with this Response.
[4] *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint.").

Counsel for the Bank examined the docket, and retrieved the Complaint. Since further service efforts would have been ineffective given the Bank's immunity, the Bank began preparing a Notice and Request to Dismiss, submitted in a concurrent filing. On October 16, 2014, the Court ordered Ms. Smith to show cause; on October 22, 2014, the Clerk's office entered an order of default. The Bank now submits this Response.[5]

**Standard of Review**

5.   Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Entries of default are "not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). While courts have discretion to decide whether to set aside entries of default, there are "strong policies favoring the resolution of genuine disputes on their merits." *Id*. Furthermore, courts "grant vacatur of default more freely than vacatur of default judgment," since the standard to set aside an entry of default is less strict than the standard to set aside a default judgment under Rule 60(b). *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 392 (D.D.C. 2005).

6.   In exercising its discretion to set aside an entry of default, a court must consider "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 653 F. Supp. 2d 35, 40 (D.D.C. 2009) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). When balancing these factors, "all doubts are resolved in favor of the party seeking relief." *Jackson*, 636 F.2d at 836. However, if a court does not have jurisdiction over defendants because they are protected by immunity, an entry of default is void from the outset.

---

[5] For a more complete discussion of the procedural history, please refer to Defs.' P. & A. in Supp. of Notice and Req. to Dismiss ¶¶ 4-6.

*See Garcia v. Sebelius*, 919 F. Supp. 2d 43, 46 (D.D.C. 2013) (finding the court's own entry of default void where defendant was immune from suit and process), *appeal dismissed*, No. 12-5257, 2013 WL 3357793 (D.C. Cir. 2013).

**The Court's Entry of Default Was Void *Ab Initio* Given Defendants' Immunity**

7.   [T]he question of whether . . . defendants are protected . . . by immunity must be answered before the entry of a default judgment because if the . . . defendants were indeed protected by . . . immunity, *the District Court would have lacked jurisdiction to enter a default*.

*Garcia*, 919 F. Supp. 2d at 46 (quoting *Swarna v. Al-Awadi*, 622 F.3d 123, 141 (2d Cir. 2010) (internal quotation marks omitted). When a defendant is immune from suit under the IOIA, an entry of default is invalid, and "there is nothing for the Court to vacate." *Id*.

8.   In the instant case, the entry of default is invalid because, as a recognized public international organization, the World Bank and its President are immune from this action under the IOIA, 22 U.S.C. § 288a(b), the Bank's Articles of Agreement and governing precedent.

9.   The World Bank's designation as a public international organization is found in Executive Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946). The IOIA, 22 U.S.C. § 288a *et seq.* provides:

> International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract.

22 U.S.C. § 288a(b). The immunity conferred by the IOIA is the "absolute immunity" that foreign nations enjoyed when the IOIA was enacted in 1945, not the "restrictive immunity" that now applies to foreign nationals under the Foreign Sovereign Immunities Act of 1976. *Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335, 1340-42 (D.C. Cir. 1998).

4

10. The immunity conferred by the IOIA is subject only to the following two limitations: "[f]irst, the organization itself may expressly waive its immunity. Second, the President may specifically limit the organization's immunities when he selects the organization as one entitled to enjoy the Act's privileges and immunities." *Mendaro*, 717 F.2d at 613. Neither limitation is in effect here and Ms. Smith has not (and cannot) proffer any reasonable argument that any limitation has been effected by either World Bank waivers or Executive Order.

11. The Bank has only ever waived immunities in instances where it would further the Bank's mission to do so, *e.g.*, in financial dealings with investors and debtors. *See* Articles, art. VII, § 3.[6] The D.C. Circuit has expressly held that the Bank has not waived immunity from employment suits by current or former employees, such as the one at issue in this case. *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 188 (D.D.C. 2011) (citing *Mendaro*, 717 F.2d at 610 (D.C. Cir. 1983)), *aff'd*, 493 F. App'x 107 (D.C. 2012).[7]

12. Because the Bank has not waived its immunity in the instant case, the entry of default against the Bank is void *ab initio* for lack of jurisdiction. *See Garcia*, 919 F. Supp. 2d at 45-46 (finding the Clerk of Court's "entry of a default" against the Director of the Pan-American Health Organization ("PAHO") "void from the outset for lack of jurisdiction" where the Director was immune from suit and judicial process under the IOIA and the PAHO did not waive immunity).

13. All officers and employees of the World Bank are "immune from legal process with respect to acts performed by them in their official capacity" to the same extent as the Bank. *See*

---

[6] Section 3 of the Bank's Articles of Agreement provides that "[a]ctions may be brought against the Bank only in a court of competent jurisdiction in the territories of a member in which the Bank has an office, has appointed an agent for the purpose of accepting service or notice of process, or has issued or guaranteed securities." Articles, art. VII, § 3.

[7] For a more complete discussion of the Bank's immunity regarding employment matters, please refer to Defs.' P. & A. in Supp. of Notice and Req. to Dismiss ¶¶ 8-13, filed concurrently with this Response.

Articles, art. VII, § 8; 22 U.S.C. § 288d(b). Since the World Bank is immune from suit in this case, so are its officers and employees. Accordingly, Jim Yong Kim, sued in his official capacity as President of the World Bank, is immune from suit. *Cf. Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 550 (D.C. Cir. 1981) (finding the director of the PAHO immune from suit). As a result, the Clerk of Court's entry of default against President Kim is also void. *See Garcia*, 919 F. Supp. 2d at 46 (finding the Clerk of Court's "entry of a default" against the Director of the PAHO "void from the outset for lack of jurisdiction" where the Director was immune from suit and judicial process under the IOIA).

**In the Alternative, The Court Should Vacate the Entry of Default For Good Cause**

14.     Pursuant to Rule 55(c), there is good cause for the Court to vacate the entry of default— the default was not willful, a set-aside would not prejudice Ms. Smith and the Bank and President allege a meritorious defense.

**Default Was Not Willful**

15.     In reviewing the Court's docket following receipt of the summons only on September 29, 2014, the Bank's counsel noted that the Court had ordered response. The Bank has attempted to do so expeditiously. However, the ordered response date was the same as the date that the Bank received the summons alone (September 29, 2014).[8] Rather than belabor service issues or burden Ms. Smith further, the World Bank sought to respect the Court's time and role in the matter by appearing specially to submit its Notice and Request to Dismiss. The Bank's counsel later noted the Court's order to show cause to Ms. Smith of October 16, 2014 and the default order as of October 22, 2014. *See Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2009)

---

[8] The summons that Ms. Smith claims she delivered to the Bank through the U.S. Postal Service on September 8, 2014, was signed for by an employee in the mail room who is not authorized to receive service on the Bank's behalf. The Bank's Office of Legal Counsel never received the summons. To this date, the Bank has not received Plaintiff's Complaint.

("[T]he boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." (quoting *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003)) (internal quotation marks omitted)). The Bank certainly does not wish to be perceived as ignoring an order from the Court and has therefore attempted to make expeditious filing of the instant Response, as well as the concurrently filed Notice and Request to Dismiss.

16. Given the insufficient service of process, the Bank's default was not willful. *Compare Luna v. Rambo*, 273 F.R.D. 346, 349 (D.D.C. 2011) (finding that the defendant did not willfully default when he failed to respond to a complaint that "arguably was not properly served on him"), *with Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (finding willfulness where defendant proffered no excuse for its failure to file an answer nor explained why it waited 16 months before asking that default be set aside).

**A Set-Aside Would Not Prejudice the Plaintiff**

17. Given the preliminary stages of the case, setting aside the default order would not prejudice Ms. Smith because none of the dangers accompanying delay are present. In considering whether a set-aside would prejudice a plaintiff, this Court has noted that "delay in and of itself does not constitute prejudice." *Acree*, 658 F. Supp. 2d at 128 (quoting *Capital*, 228 F.R.D. at 393-94) (internal quotation marks omitted). "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *Id.* at 129 (quoting *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 15  (1st Cir. 2003)) (internal quotation marks omitted). Accordingly, setting aside the default order would not prejudice Ms. Smith. *See id.* at 129 (finding no prejudice to the plaintiffs

7

where discovery had not yet begun and plaintiffs had not yet filed a motion for default judgment or presented evidence establishing their right to relief); *Keegel*, 627 F.2d at 374 (finding a set-aside that "would delay satisfaction of plaintiff's claim, should plaintiffs succeed at trial . . . insufficient to require affirmance of the denial.").

**Defendants Allege a Meritorious Defense**

18.     As discussed in detail in Defendants' Notice and Request to Dismiss, filed concurrently with this Response, as a recognized public international organization, the World Bank and its President are immune from this action under the IOIA and the Bank's Articles.[9] In so presenting their immunity to the Court, the Bank and its President have more than sufficiently alleged a meritorious defense. *See Acree*, 658 F. Supp. 2d at 129 (noting that when moving to vacate an entry of default, "the movant is not required to prove a defense, but only to assert a defense that it may prove at trial" (quoting *Whelan*, 48 F.3d at 1259) (internal quotation marks omitted)); *Keegel*, 627 F.2d at 374 (stating that a defendant's "allegations are meritorious if they contain 'even a hint of a suggestion,' which, if proven at trial, would constitute a complete defense." (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969))).

**Conclusion**

19.     As the Bank has emphasized in the instant Response, as well as in its Notice and Request to Dismiss, the Bank has sought to respond to the Court's orders expeditiously. For the foregoing reasons, the Bank and its President request that the Court find the entry of default void for lack of jurisdiction, or, alternatively, vacate the entry of default for good cause in accordance with its authority under Rule 55(c).

---

[9] *See* Defs.' P. & A. in Supp. of Notice and Req. to Dismiss ¶¶ 8-12 for a detailed discussion of the Bank's immunity.

8

Dated: October 28, 2014

          **SIDLEY AUSTIN LLP**

          By: /s/ Jeffrey T. Green

          Jeffrey T. Green (#426747)
          SIDLEY AUSTIN LLP
          1501 K Street, N.W.
          Washington, D.C. 20005
          (202)736-8000

          *Counsel for Defendants*

## VERIFICATION

I, David R. Rivero, Chief Counsel for the World Bank, verify under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2014.

_____

David R. Rivero    10/28/2014
Chief Counsel
Institutional Administration
Legal Vice Presidency
The World Bank
1818 H St. NW
Washington, DC 20433

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the twenty-eighth day of October 2014, a copy of Defendants International Bank for Reconstruction and Development and World Bank President Jim Yong Kim's Motion to Void Entry of Default and Verified Response were filed electronically with the Clerk of the Court using CM/ECF, and was mailed, first class, postage prepaid, to the following party, who may not receive electronic notice of this filing:

    Adrienne Smith
    c/o Francis Dikoh
    1414 Upshur St., NW
    Washington, D.C. 20011
    *Plaintiff*

                          Respectfully submitted,

                          /s/ Jeffrey T. Green

                          Jeffrey T. Green (#426747)
                          SIDLEY AUSTIN LLP
                          1501 K Street, N.W.
                          Washington, D.C. 20005
                          (202)736-8000