**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADRIENNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00728-EGS |
| | ) |
| INTERNATIONAL BANK FOR | ) |
| RECONSTRUCTION AND | ) |
| DEVELOPMENT, *et al*., | ) |
| | ) |
| Defendants. | ) |

**NOTICE AND REQUEST TO DISMISS**

COMES NOW the International Bank for Reconstruction and Development, ("World Bank" or "Bank"), and Jim Yong Kim, President of the World Bank, through undersigned counsel, to appear specially and to request respectfully that the Court dismiss this case with prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and D.D.C. Rule 7. Per D.D.C. Rule 7(m), there is no duty to confer on dispositive motions.

As explained in the attached Statement of Points and Authorities in Support of Notice and Request to Dismiss, the Defendants are immune from the instant suit pursuant to 22 U.S.C. § 288a(b) and related authorities including governing precedent.

WHEREFORE Defendants respectfully request that the Court dismiss Plaintiff's action forthwith. A proposed order is attached for the Court's convenience.

Dated: October 28, 2014

**SIDLEY AUSTIN LLP**

By: /s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202)736-8000

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADRIENNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00728-EGS |
| | ) |
| INTERNATIONAL BANK FOR | ) |
| RECONSTRUCTION AND | ) |
| DEVELOPMENT, *et al*., | ) |
| | ) |
| Defendants. | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF**
**NOTICE AND REQUEST TO DISMISS**

As a recognized public international organization, the World Bank and its President are

immune from this action under the International Organizations Immunities Act of 1945

("IOIA"), 22 U.S.C. § 288a(b), the Bank's Articles of Agreement and governing precedent. In

support of their request, Defendants state as follows:

**The World Bank's Status**

1.      The World Bank is an "international financial institution whose purposes include

assisting the development of its member nations' territories, promoting and supplementing

private foreign investment, and promoting long range balanced growth in international trade."[1]

*Mendaro v. World Bank*, 717 F.2d 610, 611 (D.C. Cir. 1983). To carry out its objectives, the

---

[1] The World Bank Group is a blanket term for five closely associated but distinct international organizations: (i) the International Bank for Reconstruction and Development ("IBRD"), (ii) the International Development Association, (iii) the International Finance Corporation, (iv) the Multilateral Investment Guarantee Agency, and (v) the International Centre for Settlement of Investment Disputes. The Plaintiff worked for the IBRD; thus, the IBRD is responding to this Complaint.

Bank has more than 100 offices around the world and thousands of employees who are citizens of over 168 countries.[2]

2.      The World Bank is governed by its Articles of Agreement, *see* Articles of Agreement of the International Bank for Reconstruction and Development, Dec. 27, 1945, 60 Stat. 1440, *as amended* Dec. 17, 1965, 16 U.S.T. 1942, *available at* http://go.worldbank.org/0FICOZQLQ0 ("Articles"), which confer on the Bank an international and intergovernmental status independent of individual member countries. In order to protect the World Bank from undue influence or interference by any member nation or the sovereign courts, the Bank's Articles provide, *inter alia*, that the World Bank's property is immune from attachment or any other form of seizure, Articles, art. VII, §§ 3, 4; that the "archives of the Bank shall be inviolable," *id.* at § 5; that its property and assets are free from restrictions, regulations or controls of any kind, *id.* at § 6; that its official communications must be treated as official communications of a sovereign country, *id.* at § 7; and that its officers and employees are immune from legal process for acts performed in their official capacity, unless the Bank waives that immunity, *id.* at § 8. The World Bank's immunities under its Articles have been incorporated into the United States Code. *See* 22 U.S.C. § 286h ("[A]rticle VII, sections 2 to 9, both inclusive, of the Articles of Agreement of the [World] Bank, shall have full force and effect in the United States . . . .").

3.      The Bank has been designated a public international organization by Executive Order. *See* Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946). Accordingly, the World Bank is entitled to the privileges, immunities and exemptions of the International Organizations Immunities Act of 1945 ("IOIA"), 22 U.S.C. § 288a(b).

---

[2] *About the World Bank*, The World Bank, http://go.worldbank.org/1M3PFQQMD0 (last updated June 2012).

**Procedural History**

4.      Plaintiff Adrienne Smith is a former employee of the Bank. On October 24, 2011, Ms.

Smith signed a Mutually Agreed Separation Agreement. The terms of that agreement provided

Ms. Smith with a generous severance package to follow her agreed upon severance from her

employment with the Bank. Ms. Smith also promised that she would forego her rights to appeal

to the Bank's internal justice system.[3] Subsequently, however, Ms. Smith filed a complaint with

the Equal Employment Opportunity Commission ("Commission") on August 14, 2012, alleging

employment discrimination. Pl.'s Compl. Ex. 1 at 4 (EEOC Dismissal). The Bank responded,

notifying the Commission of its status as a public international organization and the lack of

jurisdiction in light of the Bank's immunities under the IOIA, 22 U.S.C. § 288a(b), and the

Bank's Articles of Agreement. *Id*. at 7. On January 23, 2014, the Commission closed its file on

the matter due to a lack of jurisdiction. *Id*. at 1.

5.      On April 25, 2014, Ms. Smith filed the instant Complaint against the World Bank Group

in the U.S. District Court for the District of Columbia. On August 4, 2014, this Court issued an

order directing Ms. Smith to complete service of process. Order Directing Pl. to Complete

Service (Aug. 4, 2014). As the Court noted, it had no record that either the World Bank or the

Bank's President had been served with a summons and complaint, and ordered Ms. Smith to

either 1) file with the Court proof that the Defendants had been served with a summons and

complaint or 2) provide the Court with a written explanation for why service of process had not

been completed. On September 29, 2014, the Bank received only a summons sent by private

carrier (United Parcel Service). That summons did not include the Complaint.[4] Counsel for the

Bank examined the docket, and retrieved the Complaint. As further service efforts would be of

---

[3] Employees of the World Bank have internal remedies within the Bank's well-developed internal justice systems, such as the World Bank Administrative Tribunal. However, the Plaintiff did not avail herself of those remedies.
[4] *See* Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint.").

no effect under the Bank's immunities, the Bank began preparing this Notice and Request. On

October 16, 2014, the Court ordered Plaintiff to show cause; on October 22, 2014, the Court

ordered an entry of default against the Bank. Consequently, the Bank has filed a Motion to Void

Entry of Default concurrently with this Notice and Request.

6.      In her complaint, Ms. Smith seeks "external due process of mediation through the 2011

United States Appropriations Act, the Luger-Leahy Act[5] and the Equal Employment Opportunity

Commission . . . Agreement to Mediate[6]." Pl.'s Compl. at 3.

**Standard of Review**

7.      A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to

adjudicate a claim. A court has an "affirmative obligation to ensure that it is acting within the

scope of its jurisdictional authority," *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 186

(D.D.C. 2011) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d

9, 13 (D.D.C. 2001)), *aff'd*, 493 F. App'x 107 (D.C. Cir. 2012), and must dismiss a claim

pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction, *Laukus v. United States*, 691

F. Supp. 2d 119, 125 (D.D.C. 2010), *aff'd*, 442 F. App'x 570 (D.C. Cir. 2011). In a motion to

dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the "[p]laintiff bears the

burden of proving that the court has subject matter jurisdiction." *Hudes*, 806 F. Supp. 2d at 186.

While the court "must accept as true all of the factual allegations set forth in the [c]omplaint,"

*Equal Rights Ctr. v. District of Columbia*, 741 F. Supp. 2d 273, 279 (D.D.C. 2010), it is "not

---

[5] Although Ms. Smith does not specify, it appears she is referring to policy guidance recommending ways
multilateral banks should respond to whistleblowers. It notes that banks "should . . . implement best practices in
domestic laws and international conventions against corruption for whistleblower and witness disclosures and
protections against retaliation for internal and lawful public disclosures by the bank's employees and others affected
by such bank's operations who challenge illegality or other misconduct that could threaten the bank's mission,
including: . . . (2) access to independent adjudicative bodies, including external arbitration based on consensus
selection and shared costs." 22 U.S.C. § 262o-4(a).
[6] The Commission's "Agreement to Mediate" is a non-binding document that Plaintiff signed when submitting her
claim to the Commission for review. As the document notes, "[t]he parties understand that mediation is a voluntary
process, which may be terminated at any time." Pl.'s Compl. Ex. 1 at 3. The World Bank did not sign the agreement.

limited to the allegations contained in the complaint," and "may consider materials outside the

pleadings." *Delaney v. District of Columbia*, 612 F. Supp. 2d 38, 42 (D.D.C. 2009).

**Reasons For Dismissal**

8.      The World Bank's designation as a public international organization is found in

Executive Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946). The IOIA, 22 U.S.C. § 288a *et*

*seq.*, provides:

> International organizations, their property and their assets,
> wherever located, and by whomsoever held, shall enjoy the same
> immunity from suit and every form of judicial process as is
> enjoyed by foreign governments, except to the extent that such
> organizations may expressly waive their immunity for the purpose
> of any proceedings or by the terms of any contract.

22 U.S.C. § 288a(b). The immunity conferred by the IOIA is the "absolute immunity" that

foreign nations enjoyed when the IOIA was enacted in 1945, not the "restrictive immunity" that

now applies to foreign nationals under the Foreign Sovereign Immunities Act of 1976. *Atkinson*

*v. Inter-Am. Dev. Bank*, 156 F.3d 1335*,* 1340-42 (D.C. Cir. 1998).

9.      The immunity conferred by the IOIA is subject only to the following two limitations:

"[f]irst, the organization itself may expressly waive its immunity. Second, the President may

specifically limit the organization's immunities when he selects the organization as one entitled

to enjoy the Act's privileges and immunities." *Mendaro*, 717 F.2d at 613. Neither limitation is in

effect here and Ms. Smith has not (and cannot) proffer any reasonable argument that any

limitation has been effected by either World Bank waivers or Executive Order.

10.     The Bank has only ever waived immunities in instances where it would further the

Bank's mission to do so, *e.g.*, in financial dealings with investors and debtors. *See* Articles, art.

VII, § 3.[7]

11.     The D.C. Circuit has expressly held that the Bank has not waived immunity from

employment suits by current or former employees, such as the one at issue in this case. *Hudes*,

806 F. Supp. 2d at 188 (citing *Mendaro*, 717 F.2d at 610). As the Court has emphasized, "[o]ne

of the most important protections granted to international organizations is immunity from suits

by employees of the organization in actions arising out of the employment relationship." *Id.*

(quoting *Mendaro*, 717 F.2d at 615). The "sheer difficulty of administering multiple employment

practices" would hamper the Bank's ability to operate worldwide. *Mendaro*, 717 F.2d at 615.

Beyond administrative concerns, "the very structure of an international organization . . . requires

that the organization remain independent from the intranational policies of its individual

members." *Id.* at 616. A "waiver of immunity to suits arising out of the [B]ank's internal

operations, such as its relationship with its own employees, would contravene the express

language of Article VII section 1," *see id*. at 618, which aims to "enable the Bank to fulfill [its]

functions," Articles, art. VII, § 1. Furthermore, "[r]ather than furthering the purposes and

operations of the Bank, this waiver would lay the Bank open to disruptive interference with its

employment policies in each of the . . . countries in which it has resident missions" and the many

nations in which it is involved in lending and financing activities. *Mendaro*, 717 F.2d at 618.

12.     The D.C. Circuit has held that the Section 3 waiver of immunity only applies to the

narrow class of lawsuits where an insistence on immunity would act to prevent or hinder the

---

[7] Section 3 of the Bank's Articles of Agreement provides that "[a]ctions may be brought against the Bank only in a court of competent jurisdiction in the territories of a member in which the Bank has an office, has appointed an agent for the purpose of accepting service or notice of process, or has issued or guaranteed securities." Articles, art. VII, § 3.

organization from conducting its activities. *Mendaro,* 717 F.2d at 617. In order to determine if

the World Bank has waived immunity in a particular case, a court should ask whether "the

particular type of suit would *further* the Bank's objectives." *Dujardin v. Int'l Bank for*

*Reconstruction & Dev.*, 9 F. App'x 19, 20 (D.C. Cir. 2001) (quoting *Atkinson*, 156 F.3d at 1338).

"If it does not, 'the Bank's immunity should be construed as *not waived*.' " *Id.* (quoting *Atkinson*,

156 F.3d at 1338). In doing so, a court should distinguish between the Bank's internal

operations, such as its relationship with its employees, where it has immunity, and the Bank's

external relations with its debtors and creditors, where it has waived immunity. *Hudes,* 806 F.

Supp. 2d at 188 (citing *Mendaro,* 717 F.2d at 618). *See also id*. at 188 (dismissing former World

Bank employee's claim alleging wrongful termination where the Plaintiff "failed to show that

this suit furthers the Bank's objectives so as to distinguish her claims from other employment

disputes") (quoting *Aguado v. Inter-Am. Dev. Bank*, 85 F. App'x 776, 777 (D.C. Cir. 2004));

*Mendaro*, 717 F.2d at 621 (dismissing claim for employment discrimination); *Chiriboga v. Int'l*

*Bank for Reconstruction & Dev.*, 616 F. Supp. 963, 967 & n.3 (D.D.C. 1985) (dismissing claim

for breach of employment contract); *cf. Dujardin,* 9 F. App'x at 20 (dismissing defamation

claim); *Morgan* v. *Int'l Bank for Reconstruction & Dev.*, 752 F. Supp. 492, 494 (D.D.C. 1990)

(dismissing claims for libel, slander, false imprisonment and intentional infliction of emotional

distress).

13.     All officers and employees of the World Bank are "immune from legal process with

respect to acts performed by them in their official capacity" to the same extent as the Bank. *See*

Articles, art. VII, § 8; 22 U.S.C. § 288d(b). Since the World Bank is immune from suit in this

case, so are its officers and employees. Accordingly, Jim Yong Kim, sued in his official capacity

as President of the World Bank, is immune from suit. *Cf. Tuck v. Pan Am. Health Org*., 668 F.2d

547, 550 (D.C. Cir. 1981) (finding the director of the Pan American Health Organization immune from suit). Accordingly, the Court should dismiss the claim against him for lack of subject matter jurisdiction.

**Conclusion**

14.     In reviewing the Court's docket following receipt of the summons only, the Bank's counsel noted that the Court had ordered response. The Bank has attempted to do so expeditiously here. However, the ordered response date was the same as the date that the Bank received the summons alone (September 29, 2014). The Bank certainly does not wish to be perceived as ignoring an order from the Court and has therefore attempted to make expeditious filing of the instant Notice and Request, as well as the concurrently filed Motion to Void Entry of Default. Rather than belabor service issues or burden Ms. Smith further, the World Bank seeks to respect the Court's time and role in the matter by voluntarily appearing specially for the purpose of notifying the Court about the Bank's immunities and requesting that the Court dismiss the action against the World Bank and President Kim in accordance with its authority to do so under Rule 12(b)(1).

Dated:  October 28, 2014

                                                                    **SIDLEY AUSTIN LLP**

                                                                    By:  /s/ Jeffrey T. Green

                                                                    Jeffrey T. Green (#426747)
                                                                    SIDLEY AUSTIN LLP
                                                                    1501 K Street, N.W.
                                                                    Washington, D.C. 20005
                                                                    (202)736-8000

                                                                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the twenty-eighth day of October 2014, a copy of

Defendants International Bank for Reconstruction and Development and World Bank President

Jim Yong Kim's Notice and Request to Dismiss was filed electronically with the Clerk of the

Court using CM/ECF, and was mailed, first class, postage prepaid, to the following party, who

may not receive electronic notice of this filing:


Adrienne Smith
c/o Francis Dikoh
1414 Upshur St., NW
Apt. 112
Washington, D.C. 20011
*Plaintiff*

                                            Respectfully submitted,

                                            By:  /s/ Jeffrey T. Green

                                            Jeffrey T. Green (#426747)
                                            SIDLEY AUSTIN LLP
                                            1501 K Street, N.W.
                                            Washington, D.C. 20005
                                            (202)736-8000

                                            *Counsel for Defendants*