UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADRIENNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00728-EGS |
| | ) | |
| INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT, *et al*., | ) ) ) ) | |
| Defendants. | | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' NOTICE AND REQUEST TO DISMISS AND MOTION TO VOID ENTRY OF DEFAULT**

COMES NOW the International Bank for Reconstruction and Development, ("World Bank" or "Bank"), and Jim Yong Kim, President of the World Bank, through undersigned counsel, to appear specially and reply to Plaintiff's Opposition to Defendants' Notice and Request to Dismiss and Motion to Void Entry of Default. The Bank and its President request respectfully that the Court dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and D.D.C. Rule 7, and void the Clerk of Court's entry of default for lack of jurisdiction, or, in the alternative, vacate the entry of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, for good cause.

1.   In both her Response and Complaint, Ms. Smith has not, and cannot, proffer reasonable arguments that the World Bank's immunity has been limited; and she has even acknowledged the Bank's immunity, Pl.'s Reply at 7. This Court has expressly held that the Bank has not waived immunity from employment suits by current or former employees, such as Ms. Smith. *See Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 188 (D.D.C. 2011) (citing *Mendaro v. World Bank*, 717 F.2d 610, 610 (D.C. Cir. 1983)). As a result, the Bank is immune from suit in this case.

2.      Jim Yong Kim, sued in his official capacity as President of the World Bank, is also immune from suit to the same extent as the Bank. *See* Articles of Agreement of the International Bank for Reconstruction and Development, art. VII, § 8, Dec. 27, 1945, 60 Stat. 1440, *as amended* Dec. 17, 1965, 16 U.S.T. 1942, *available at* http://go.worldbank.org/0FICOZQLQ0 ("Articles") (stating that Bank governors, executive directors, officers and employees are "immune from legal process with respect to acts performed by them in their official capacity except when the Bank waives this immunity"); 22 U.S.C. § 288d(b) (same, applied more generally to employees and officers of international organizations). Ms. Smith offers no argument that would somehow alter Dr. Kim's immunity.

3.      Because the World Bank and its President are immune from suit under the IOIA, the Clerk of Court's entry of default against the World Bank and its President is void. *See Garcia v. Sebelius*, 919 F. Supp. 2d 43, 46 (D.D.C. 2013) (finding the Clerk of Court's "entry of a default" against the defendant "void from the outset for lack of jurisdiction" where the defendant was immune from suit and judicial process under the IOIA), *appeal dismissed*, No. 12-5257, 2013 WL 3357793 (D.C. Cir. 2013).

4.      In any event, good cause is present. The default was not willful, a set-aside would not prejudice Ms. Smith, and the Bank and President allege a meritorious defense. *See Estate of Gaither ex rel. Gaither v. District of Columbia*, 653 F. Supp. 2d 35, 40 (D.D.C. 2009) (noting that to exercise its discretion in setting-aside an entry of default, a court must consider "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980))).

5.      The World Bank and its President did not willfully default. Rather, Defendants have sought to respond in good faith and expeditiously to the Court's orders without belaboring issues of improper service—including the fact that Ms. Smith personally mailed her Complaint[1]—because persisting in service objections would unnecessarily burden Ms. Smith and this Court, given the Bank's immunity. *Compare Luna v. Rambo*, 273 F.R.D. 346, 349 (D.D.C. 2011) (finding that the defendant did not willfully default when he failed to respond to a complaint that "arguably was not properly served on him") *with Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995) (finding willfulness where defendant proffered no excuse for its failure to file an answer nor explained why it waited 16 months before asking that default be set aside). Ms. Smith claims that the World Bank received her Complaint in May, 2014, and responded to it on June 16, 2014. Pl.'s Reply at 1. However, it appears that she has confused the Bank's response to her "Request for Provisional Relief," a letter she wrote to the Bank on May 15, 2014, with the Bank's response to her EEOC complaint. Pl.'s Reply Ex. 1 at 9 (Pl.'s "Request for Provisional Relief" letter); Pl.'s Aff. Regarding Compl. at 7 (the Bank's response to Pl.'s letter); Pl.'s Reply Ex. 1 at 16 (the Bank's June 2013 response to Pl.'s EEOC complaint, asserting its immunity, as it has done here). In any case, neither document constitutes a response to Plaintiff's Complaint in this case.

6.      Given the preliminary stages of the case, where discovery has not yet begun, setting aside the Clerk's entry of default will not prejudice Ms. Smith. *See Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 128-29 (D.D.C. 2009) (noting that the dangers that accompany delay, such as loss

---

[1] Even when plaintiffs proceed *pro se*, service must be made by persons who are not party to suits. Fed. R. Civ. Pro. 4(c)(2). Thus, by sending the summons by mail herself, Ms. Smith failed to effectuate proper service. *E.g.*, *Walker v. Pharm. Research & Mfrs. of Am.*, 569 F. Supp. 2d 209, 214-15 (D.D.C. 2008) (finding that the plaintiff directly contravened Rule 4(c)(2) when she sent the summons and complaint herself by certified mail). As noted in Defendants' Notice and Request to Dismiss, Plaintiff also failed to serve Defendants with a copy of the Complaint, as required under Fed. R. Civ. Pro. 4(c)(1). *See* Def.'s Statement of P. & A. in Supp. of Notice and Req. to Dismiss at 3.

of evidence and increased difficulties of discovery, are sufficient to cause prejudice, but mere delay is not).

7.      Finally, the World Bank and its President have alleged a meritorious defense—their immunity from this action. *See Acree*, 658 F. Supp. 2d at 129 (noting that when moving to vacate an entry of default, the movant need only assert a defense it may prove at trial).

**Conclusion**

8.      For the foregoing reasons, explained briefly in this Reply, and in more detail in Defendants' Statement of Points and Authorities in Support of Notice and Request to Dismiss and their Verified Response in Support of Motion to Void Entry of Default, the World Bank and President Kim respectfully request that the Court dismiss this action pursuant to Rule 12(b)(1), and void the Clerk of Court's entry of default for lack of jurisdiction.

Dated: December 8, 2014

**SIDLEY AUSTIN LLP**

By: /s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the eighth day of December 2014, a copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Notice and Request to Dismiss and Motion to Void Entry of Default was filed electronically with the Clerk of the Court using CM/ECF, and was mailed, first class, postage prepaid, to the following party, who may not receive electronic notice of this filing:

Adrienne Smith
c/o Francis Dikoh
1414 Upshur St., NW
Washington, D.C. 20011

*Plaintiff*

    Respectfully submitted,

    /s/ Jeffrey T. Green

    Jeffrey T. Green (#426747)
    SIDLEY AUSTIN LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    (202) 736-8000