UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
ADRIENNE SMITH,                    )
                                   )
            Plaintiff,             )
                                   )
       v.                          ) Civ. Action No. 14-728 (EGS)
                                   )
WORLD BANK GROUP, and JIM YONG     )
KIM, President, World Bank Group,  )
                                   )
            Defendants.            )
_____)

### MEMORANDUM OPINION

Adrienne Smith brings this lawsuit alleging that the World Bank and its President, Jim Yong Kim, discriminated against her during the course of her employment. Ms. Smith appeared to have properly served the defendants in September 2014, but the defendants did not timely respond to the Complaint and the Clerk of Court entered default against them. Days later, before any motion for default judgment was filed, the defendants moved to vacate the entry of default and to dismiss this case for lack of jurisdiction. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court **GRANTS** the defendants' motions, **VACATES** the default, and **DISMISSES** this case.

**I.   Background**

Ms. Smith worked for the World Bank from 1997 to 2012. *See* Compl., ECF No. 1 at 2. Ms. Smith's precise allegations of

discrimination are not clear from the Complaint, although she alleges that "World Bank senior personnel managers resorted to 'Gestapo,' 'Shang hai' style tactics and threats against Plaintiff." *Id.* at 10; *see also id.* at 14 (alleging that a manager, for discriminatory reasons, "targeted Plaintiff" and sought to have her removed from her position). Ms. Smith also makes more generalized allegations regarding the World Bank, including that its "internal conflict system . . . has failed miserably to provide due process to Black and African staff." *Id.* at 6; *see also id.* at 7-8.

In July 2012, Ms. Smith filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the World Bank had discriminated against her during the course of her employment. *See id.* at 2. Ms. Smith's complaint was dismissed by the EEOC for lack of jurisdiction in January 2014. *See id.*

Ms. Smith filed this lawsuit on April 25, 2014 "as the next step" following the denial of her EEOC Complaint. *See id.* at 1. On August 4, 2014, the Court entered an Order noting that the deadline for Ms. Smith to serve process on the defendants was approaching. *See* Order, ECF No. 3 at 1. The Court directed her to do so by August 25, 2014, or risk dismissal of the case. *See id.* On August 18, 2014, Ms. Smith filed an affidavit that appeared to be partly responsive to the Court's Order. *See* Aff.,

ECF No. 4. The Court directed Ms. Smith to provide supplemental materials sufficient to demonstrate that the defendants had been properly served by no later than September 2, 2014. *See* Minute Order of August 21, 2014.

Ms. Smith submitted in September 2014 a document that appeared to show that she had served the defendants on September 8, 2014, which produced a deadline of September 29, 2014 for their response to the Complaint. *See* Minute Order of October 16, 2014. Because no response had been filed by October 16, and Ms. Smith had not further prosecuted her case, the Court entered a Minute Order directing Ms. Smith to "show cause why this case should not be dismissed for her failure to comply with Federal Rule of Civil Procedure 55." *Id.* (emphasis omitted).

On October 21, 2014, Ms. Smith submitted an affidavit seeking entry of default. *See* Aff. for Default, ECF No. 9. The Clerk entered default on October 22, 2014. *See* Entry of Default, ECF No. 10. Six days later, the defendants moved to vacate that entry of default and to dismiss the case for lack of jurisdiction. *See* Mot. to Vacate, ECF No. 11; Mot. to Dismiss, ECF No. 12. The Court then entered an Order, citing the D.C. Circuit's decisions in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), which directed Ms. Smith to respond to the motions by no later than November 28, 2014. *See* Order, ECF No. 13 at 2. Ms. Smith's

3

opposition brief was timely filed, Pl.'s Opp., ECF No. 15, and the defendants filed their reply brief on December 8, 2014. *See* Def.'s Reply, ECF No. 16. Ms. Smith subsequently moved for leave to file a surreply. Mot. for Leave, ECF No. 17. The Court **GRANTS** that unopposed motion and considers the surreply in adjudicating the pending motions.[1]

**II. Standard of Review**

  **A. Vacating Entry of Default**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may later "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Generally, a district court considering whether to set aside an entry of default must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (quotation marks omitted). Where a defendant is immune from suit, however, "the Clerk's subsequent entry of a

---

[1] On March 24, 2015, Ms. Smith filed a "request for emergency relief," which appears to request expedited consideration of her claims. *See* Mot. for Emergency Relief, ECF No. 19. In light of the Court's ruling that it lacks jurisdiction over this case, that motion is **DENIED AS MOOT.**

4

default . . . [is] void from the outset for lack of jurisdiction." *Garcia v. Sebelius*, 919 F. Supp. 2d 43, 46 (D.D.C. 2013) (citing *Swarna v. Al-Awadi*, 622 F.3d 123, 141 (2d Cir. 2010)). "[W]ithout a valid entry of default in the first instance, there is nothing for the Court to vacate." *Id.*

**B.   Rule 12(b)(1)**

A federal district court may only hear a claim over which it has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction. On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating the motion, the Court must accept all of the factual allegations in the complaint as true and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). The Court, however, is "not required . . . to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Cartwright Int'l Van Lines, Inc. v. Doan*, 525 F. Supp. 2d 187, 193 (D.D.C. 2007) (quotation marks omitted).

**III. Analysis**

Although the defendants have filed separate motions for vacatur of the entry of default and for dismissal of this case,

5

the motions focus on the same issue: Whether the World Bank and Mr. Kim are immune from this suit. If they are, the entry of default would be void, *Garcia*, 919 F. Supp. 2d at 46, and the case would be subject to dismissal. *See Mendaro v. World Bank*, 717 F.2d 610, 614 (D.C. Cir. 1983). If they are not immune, the case may proceed.

The International Organizations Immunities Act, 22 U.S.C. § 288a, provides that:

> International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract.

*Id.* § 288a(b). Executive Order 9751 makes the World Bank subject to this immunity. *See* Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 13, 1946). "There are only two sources of limitation to the immunity: (1) the organization itself may waive its immunity and (2) the President may specifically limit the organization's immunities when he selects the organization as one entitled to enjoy the [Act's] privileges and immunities." *Dujardin v. Int'l Bank for Reconstruction & Dev.*, 9 F. App'x 19, 20 (D.C. Cir. 2001).

The World Bank has waived its immunity narrowly, only for "actions relating to its external activities and contracts, and not the internal administration of its civil servants." *Mendaro*,

6

717 F.2d at 621; *see also Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335, 1338 (D.C. Cir. 1998) (addressing a similar waiver: "[T]he Bank's immunity should be construed as *not waived* unless the particular type of suit would *further* the Bank's objectives.") (emphasis in original). As a consequence, the World Bank has repeatedly been found not to have waived its immunity in connection with internal employment-related lawsuits. *See, e.g.*, *Mendaro*, 717 F.2d 610 (employee's Title VII claim); *Dujardin*, 9 F. App'x at 20 (employee's defamation claim); *Hudes v. Aenta Life Ins. Co.*, 806 F. Supp. 2d 180, 188 (D.D.C. 2011) (wrongful-termination claim).

Ms. Smith's claims fall within this immunity. As another Judge of this Court stated in finding that a claim regarding withheld employee benefits could not proceed against the World Bank, "[n]o matter how approached, this case cannot be characterized as anything other than a suit arising out of the Bank's relationship with its own employees." *Chiriboga v. Int'l Bank for Reconstruction & Dev.*, 616 F. Supp. 963, 967 (D.D.C. 1985) (quotation marks and alteration omitted). Ms. Smith's assertion that she suffered discrimination in connection with her employment is similarly subject to no characterization but that of an employee-relations lawsuit. For that reason, the Court finds that the World Bank has not waived its immunity from Ms. Smith's claims.

Nor is there any indication that the President has directed that the World Bank's immunity be waived in a manner that would permit Ms. Smith's claims to proceed. The Executive Order subjecting the World Bank to the immunity grant of 22 U.S.C. § 288a contained no such limitation. *See* Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 13, 1946). Nor has Ms. Smith pointed the Court to any other action or legal authority that might effect such a waiver. Accordingly, the World Bank is immune from suit for Ms. Smith's claims.[2]

---

[2] Ms. Smith alluded in her pleadings to various legal sources, although she did not clearly identify those sources, and she appears to concede that they did not create an additional waiver of the World Bank's immunity. *See* Compl., ECF No. 1 at 3 (requesting "external due process of mediation through the 2011 United States Appropriations Act, the Lugar/Leahy Act and the Equal Employment Opportunity Commission (EEOC) Agreement to Mediate"); *id.* at 6 (describing the 2011 "United States Consolidated Appropriations Acts and the Lugar/Leahy Act" as "not advocat[ing] against jurisdictional immunity for organizations but express[ing] the clear legislative intention that multilateral Bank employees must be able to seek due process through alternative, external legal means such as mediation or arbitration"); Pl.'s Opp., ECF No. 15 at 7 ("the United States Consolidated Appropriation Act [of] 2012 . . . requires the U.S. government to withhold approval for the Bank's capital increase until it has made substantial progress in providing external, independent judicial access for staff. . . . The intent of the Lugar-Leahy Amendment is to introduce an independent, fair grievance resolutions system as an international best practice *without infringing* on the World Bank's immunity") (emphasis in original). To the extent that Ms. Smith intended to rely on these provisions as a basis for finding a waiver of immunity, her failure to identify the relevant legal provisions combined with her admission at times that those provisions do not affect the World Bank's immunity, renders such an argument impossible to evaluate. To the extent Ms. Smith intended to rely on the appropriations bills and the

8

For similar reasons, the World Bank's President, Mr. Kim, is immune from suit regarding these claims. Mr. Kim's immunity is governed by 22 U.S.C. § 288d(b), which states:

> [O]fficers and employees of [international organizations] shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their functions . . . except insofar as such immunity may be waived by the . . . international organization concerned.

Ms. Smith has pointed to no basis for a finding that the World Bank has waived Mr. Kim's immunity in any way that would render it less than the immunity reserved to the Bank. Because any involvement by Mr. Kim in the employment actions giving rise to Ms. Smith's claims would relate to "acts performed by [him] in [his] official capacity and falling within [his] functions," *id.*, Mr. Kim is immune from Ms. Smith's claims. *Cf. Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 550 (D.C. Cir. 1981) (director of the Pan-American Health Organization was immune under 22 U.S.C. § 288d "[t]o the extent that the acts alleged in the complaint relate to [his] functions" as director).

**IV. Conclusion**

Because the Court finds that Mr. Kim and the World Bank are immune from Ms. Smith's claims, the Court must **VACATE** the entry

---

"Lugar-Leahy Amendment" as supporting an independent cause of action entitling her to mediation or arbitration, she has failed to plead such a claim with any sufficient particularity, Fed. R. Civ. P. 8(a), and, in any event, the bank's immunity would appear to apply equally to such a cause of action.

9

of default in this case as void. *See Garcia*, 919 F. Supp. 2d at 46. Moreover, the defendants' immunity renders this Court without jurisdiction, so the case must be **DISMISSED**. In light of the Court's lack of jurisdiction over this case, Ms. Smith's motion for emergency relief is **DENIED AS MOOT**. An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **April 21, 2015**