UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADRIENNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00728-EGS |
| | ) | |
| INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | | |

**RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION**

COMES NOW the International Bank for Reconstruction and Development ("World Bank" or "Bank"), and Jim Yong Kim, President of the World Bank, through undersigned counsel, to appear specially and respond to Plaintiff's Motion and Amended Motion for Reconsideration (hereafter "Motions") pursuant to this Court's Order of June 17, 2015. The Bank and its President request respectfully that the Court deny these Motions because Ms. Smith has failed to demonstrate extraordinary circumstances and a meritorious claim as required by Rule 60(b)(6) of the Federal Rules of Civil Procedure.

**Procedural History**

1.  On April 21, 2015, the Court granted the World Bank's Motion to Vacate the Entry of Default and vacated the entry of default against the Bank as void for lack of jurisdiction. The Court also granted the Bank's Motion to Dismiss for lack of jurisdiction, and dismissed the case.

2.  Newly obtained counsel for Ms. Smith filed a Notice of Appearance on May 23, 2015. ECF No. 25. Pursuant to Rule 60(b)(6), Ms. Smith filed a Motion for Reconsideration on May 22, 2015, and an amended Motion for Reconsideration and an affidavit on May 29, 2015. ECF

Nos. 24, 26. The Court issued a Minute Order on June 17, 2015, directing the World Bank to respond by June 24, 2015, and Ms. Smith to file any reply no later than July 1, 2015.

**Plaintiff's Claims**

3.     Ms. Smith now claims that the Court should grant her Motion because the Bank has waived its immunity under 28 U.S.C. § 1605(a)(2) of the Foreign Sovereign Immunities Act ("FSIA"). Specifically, Ms. Smith asserts that "Ms. Smith, as a Financial Transaction Processor . . . is commercial activity," that "the commercial activity of Ms. Smith in performing her employment duties was beneficial to the World Bank's relationship with outside vendors," and that "Ms. Smith['s] employment was commercial activity as defined by 28USC 1605(a) (2) of FSIA [sic] and accordingly the exception to sovereign immunity is applicable." Pl.'s Am. Mot. for Recons. at 6-8.

4.     Finally, Ms. Smith appears to argue that because default was entered against the Bank, she has established her claim as meritorious and has a right to relief under the FSIA. Pl.'s Am. Mot. for Recons. at 8.

**Rule 60(b) Standard**

5.     The party seeking relief from judgment under Fed. R. Civ. P. 60(b) bears the burden of proof. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011) (quoting Fed. R. Civ. P. 60(b)). Further, as she is now proceeding under the "catch-all" provision of Rule 60(b)(6), Ms. Smith must prove "extraordinary circumstances" justifying the reopening of a final judgment or order. *Marino v. Drug Enf't Admin.*, 685 F.3d 1076, 1079-80 (D.C. Cir. 2012). She must also present " 'a meritorious claim or defense to the motion upon which the district court dismissed the complaint.' " *Id*. at 1080 (quoting *Murray v. Dist. of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)).

**Extraordinary Circumstances Are Not Present**

6.      The D.C. Circuit has expressly considered, and rejected, the very same argument now presented by Ms. Smith's Motions; namely, that the commercial activities exception to sovereign immunity codified in the FSIA applies to the World Bank. Pl.'s Am. Mot. For Recons. at 6; *Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335, 1341 (D.C. Cir. 1998). In the first instance, FSIA does not apply to the Bank. The Bank has been designated a public international organization by Executive Order, *see* Exec. Order No. 9751, 11 Fed. Reg. 7713 (July 11, 1946), and accordingly, is entitled to the privileges, immunities and exemptions of the IOIA, 22 U.S.C. § 288a(b), not the FSIA. The IOIA, 22 U.S.C. § 288a *et seq.* provides:

> International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract.

7.      Further, the D.C Circuit has found that the immunity conferred by the IOIA is the "absolute immunity" that foreign nations enjoyed when the IOIA was enacted in 1945, not the "restrictive immunity" that now applies to foreign sovereigns under the FSIA. *Atkinson*, 156 F.3d at 1340-42; *see also Inversora Murten, S.A. v. Energoprojekt-Niskogradnja Co. Ltd.*, 264 F. App'x 13, 15 (D.C. Cir. 2008) ("Because the immunity conferred upon international organizations by the IOIA is absolute, it does not contain an exception for commercial activity such as the one codified in the Foreign Sovereign Immunities Act of 1976 . . . .").

8.      Even if it were the case that a FSIA-type "commercial activities" exception applied here, Ms. Smith's attempt now to recast her employment as involving transactional activities does not, and cannot, confer upon her the status of an entity with which the World Bank has engaged in a commercial transaction. Her duties with the Bank do not change the fact that her Complaint

concerns her status as an employee of the Bank, and as this Court previously held in its Order on April 21, 2015, (ECF Nos. 21-22), the case continues to be governed squarely by *Mendaro*. *See Mendaro v. World Bank*, 717 F.2d 610, 621 (D.C. Cir. 1983) (dismissing former World Bank employee's claim alleging employment discrimination), as well as numerous other cases also cited in this Court's opinion, including *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 188 (D.D.C. 2011) (dismissing claim alleging wrongful termination), *Chiriboga v. Int'l Bank for Reconstruction & Dev.*, 616 F. Supp. 963, 967 & n.3 (D.D.C. 1985) (dismissing claim for breach of employment contract), and *Dujardin v. Int'l Bank for Reconstruction & Dev.,* 9 F. App'x 19, 20 (D.C. Cir. 2001) (dismissing defamation claim). Otherwise, any employee of the World Bank engaged in transactional activities could skirt around *Mendaro*.

9.      As this Court found in its April 21, 2015 Order, (ECF. Nos. 20-21), the Bank's President Kim Yom Kim, acting as an officer of the Bank and sued in his official capacity, is immune from suit. *Cf. Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 550 (D.C. Cir. 1981) (finding the director of the Pan American Health Organization immune from suit).

10.     Because Ms. Smith has not and cannot demonstrate that her Motions have merit, they should be denied. *See Murray*, 52 F.3d at 355 (D.C. Cir. 1995) (upholding denial of a motion for reconsideration where appellants did not provide the district court with any reason to think that granting reconsideration would enable them to present a meritorious defense.)

11.     Finally, Ms. Smith's claim that she "has established her claim and has a right to relief" pursuant to 28 U.S.C. § 1608(e) because a default was entered against the World Bank simply defies logic. Not only does Ms. Smith misinterpret this provision of the FSIA, it is irrelevant because, as demonstrated above, the World Bank is entitled to the privileges and immunities of the IOIA, not the FSIA.

**Conclusion**

12. Ms. Smith has failed to allege extraordinary circumstances required for the Court to grant a Rule 60(b)(6) motion. Furthermore, because Ms. Smith has not, and cannot, allege a meritorious claim, granting these Motions would be futile. For the foregoing reasons, the World Bank and its President respectfully request this Court deny Plaintiff's Motion and Amended Motion for Reconsideration.

Dated: June 24, 2015

                **SIDLEY AUSTIN LLP**

                By: /s/ Jeffrey T. Green

                Jeffrey T. Green (#426747)
                SIDLEY AUSTIN LLP
                1501 K Street, N.W.
                Washington, D.C. 20005
                (202) 736-8000

                *Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ADRIENNE SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 14-cv-00728-EGS |
| INTERNATIONAL BANK FOR RECONSTRUCTION AND DEVELOPMENT, *et al.*, | ) ) ) ) ) | |
| Defendants. | | |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendants International Bank for Reconstruction and Development and World Bank President Jim Yong Kim's Response to Plaintiff's Motion and Amended Motion for Reconsideration filed in this matter, and on the basis of the authorities cited in support of Defendant's Response to Plaintiff's Motion and Amended Motion for Reconsideration, and the Court finding good cause thereon, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration and Amended Motion for Reconsideration are **DENIED**.

By the Court,

_____

Hon. Emmet G. Sullivan
United States District Judge
_____ \_\_\_, 2014

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the twenty-fourth day of June 2015, a copy of Defendants' Response to Plaintiff's Motion and Amended Motion for Reconsideration was filed electronically with the Clerk of the Court using CM/ECF, and was served electronically via CM/ECF on the following:

Samuel Bailey Jr.
Samuel Bailey & Associates, LLC
1101 15th Street N.W., Suite 205
Washington, D.C. 20036
(202) 835-8535

*Counsel for Plaintiff*

Respectfully submitted,

/s/ Jeffrey T. Green

Jeffrey T. Green (#426747)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000